Gong Bell Manufacturing Co., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 17584. Promulgated January 30, 1929.

*Ferdinand Tannenbaum, Esq.*, for the petitioner.
*Harold Allen, Esq.*, for the respondent.

OPINION.

STERNHAGEN : The foregoing findings of fact are substantially as requested by petitioner, and are in our opinion fully supported by the evidence. From them the petitioner urges the conclusion that, as prescribed by section 240, Revenue Act of 1921, " substantially all the stock of two or more corporations [i. e., Gong Bell Manufac-

turing Co. and Bevin Bros. Manufacturing Co.] is owned or controlled by the same interests " and hence that such corporations are affiliated and their income taxed upon a consolidated return. The Commissioner has recognized the statutory affiliation of Bevin Bros. Manufacturing Co., East Hampton Bell Co., and Bevin, Wilcox Line Co., and has refused to permit the inclusion of the Gong Bell Manufacturing Co.

The petitioner, relying on earlier decisions, argues that C. G. Bevin controlled all the stock of petitioner and Bevin Bros. Manufacturing Co., and that the business of the four corporations was unified so as to permit a shifting of profits and thus to enable tax evasion, and hence that they are within the statutory purpose of affiliation. The Board has consistently, since *Isse Koch & Co.*, 1 B. T. A. 624, and *Hagerstown Shoe & Legging Co.*, 1 B. T. A. 666, interpreted the statute to mean, where affiliation is predicated upon control of stock, that control is a matter of fact to be determined in the light of the evidence and not a matter of legally enforceable right. The extent to which the Board has gone in recognizing factual control is shown by the decisions cited by petitioner, *Midland Refining Co.*, 2 B. T. A. 292; *Adolph Hirsch & Co.*, 7 B. T. A. 707 (now on review); *Century Music Publishing Co.*, 12 B. T. A. 647; *Crescent Leather Co.*, 13 B. T. A. 940; *Richfield Oil Co.*, 13 B. T. A. 1050; and *Wilshire Oil Co.*, 13 B T. A. 1150.

Looking at the evidence, we have no doubt that C. G. Bevin in 1921 dominated every stockholder function attributable to those who owned the stock of the Gong Bell Manufacturing Co. and Bevin Bros. Manufacturing Co. He had given them their stock and Conklin and Watrous later paid for theirs when they were able to do so. The profits were measured by the extent to which Bevin shifted costs of labor and material. They voted their stock as he directed, and no one had the temerity or the inclination to assert an adverse or different right or interest from his. To speculate upon the result of an independent exercise by them of the rights of ownership would take us beyond the facts. Conklin, the largest stockholder, seemed on the witness stand to regard such a situation as beyond contemplation. He regarded himself entirely as an employee of Bevin and beholden to him for his livelihood. Bevin stood apparently as a feudal lord over these individuals and their affairs.

The evidence as to the freedom with which Bevin devoted the facilities of one corporation to the use of the other and allocated costs arbitrarily by charging one with the expense of services and facilities used by another shows that the power existed to make income appear as tax interests required. There is no evidence to indicate that this was in mind, but it is shown that earnings of the several

158

companies were not charged with their normal share of costs. Hence income was fictitious.

In our opinion the doctrine of actual control is properly applicable here and under it the evidence indicates that substantially all the stock of Gong Bell Manufacturing Co. and Bevin Bros. Manufacturing Co. was in 1921 controlled by C. G. Bevin, and that they are affiliated under the statute.

*Judgment will be entered under Rule 50.*